FILED
SUPERIOR COURT
OF GUAM

2022 JUL 11 PM 4: 12

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**ANDREW JOHN FRANCISCO CASTRO,**<br>DOB: 12/19/1980<br><br>Defendant. | **Criminal Case No. CF0105-21**<br>GPD Report No. 21-04488<br><br>**DECISION AND ORDER GRANTING IN-PART AND DENYING IN-PART THE PEOPLE'S RESTITUTION REQUEST** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on July 8, 2022 for hearing on the People of Guam's ("the People's") Request for Restitution ("Restitution Request"). Assistant Attorney General Renaida San Nicolas represents the People, and Attorney Joaquin Arriola, Jr. represents Andrew John Francisco Castro ("Defendant"). Having duly considered the Restitution Summary Report, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS IN-PART AND DENIES-IN PART** the People's Restitution Request.

### BACKGROUND

On June 7, 2022, Defendant pled guilty to Family Violence (as a 3rd Degree Felony), admitting to recklessly causing or attempting to cause bodily injury to his ex-girlfriend Rosita Adamos ("Victim"). See Judgment of Conviction at 1 (Jul. 6, 2022). The charge stems from a complaint that Defendant purposefully rammed his vehicle into Victim's vehicle. See Magistrate's Complaint (Feb. 22, 2022). As part of his plea deal, Defendant was ordered to pay full restitution to Victim. See Judgment of Conviction at 2 (Jul. 6, 2022).

Decision and Order Granting In-Part and Denying In-Part The People's Restitution Request
CF0105-21, *People of Guam v. Andrew John Francisco Castro*
Page 1 of 4

On May 23, 2022, the People submitted Victim's restitution request in the amount of $5,003.69. See Summary Report (Re: Restitution) at 2 (May 23, 2022). Victim requested restitution for the following items:

- Damage to 2013 Toyota Rav4 --- $1,688.42
- iPhone X, 64 GB (not recovered by GPD) --- $1,149.00
- iPhone 11, 128GB (replacement for iPhone X) --- $824.00
- 4,500lb Black Ops UTV/ATV Synthetic Rope Winch --- $623.70
- Milwaukee 61inch, 11 drawer toolbox --- $628.20
- Express Care visit for doctor's visit to return to work --- $90.37

Id. at 2.

The Court held a hearing on July 8, 2022. During the hearing, Defendant stipulated to pay $1,688.42 covering the Toyota Rav4 Damage, $824.00 covering the replacement iPhone 11, and $90.37 covering Victim's Express Care visit. See Court Recording at 11:22:20-11:22:45 (Jul. 8, 2022). Defendant objected towards paying $1,149.00 covering the iPhone X, $623.70 covering the Synthetic Rope Winch, and $628.20 covering the Milwaukee Toolbox. Id. at 11:22:55-11:23:30. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Legal Standard:

"The court shall require restitution in all cases where the offender has been convicted of a crime involving damage to property of the victim when the offender is or, given a fair opportunity to do so, will be able to pay the restitution." See 9 G.C.A. §80.53.

A person convicted of a crime may be ordered to pay restitution in the amount of:

> (b) Five Thousand Dollars ($5,000.00) when the conviction is of a felony of the third degree;
> (e) Any higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue. For purposes of this Section, the term "gain" means the amount of money or the value of the property derived by the offender and the term "loss" means the amount of value separated from the victim;

Decision and Order Granting In-Part and Denying In-Part The People's Restitution Request
CF0105-21, *People of Guam v. Andrew John Francisco Castro*
Page 2 of 4

See 9 G.C.A. § 80.50(b), (e).

This means that the Court may order the Defendant to pay restitution up to five thousand dollars ($5,000.00) without any specific findings but must make findings for any higher amount, not to exceed double the loss to the victim or gain to the Defendant. See *People v. Mallo*, 2008 Guam 23 ¶ 43. Here, the People seek $5,003.69 in restitution for Victim's losses, requiring the Court to make specific findings regarding those losses. The People bear the burden of proving losses by a preponderance of the evidence. See *United States v. Wakine*, 543 F.3d 546, 556 (9th Cir. 2008).

## II. Application:

The first items in contention are the iPhone X and the iPhone 11. Victim testified that her iPhone X was the only phone missing following this event, and that she spent $824 replacing it with an iPhone 11. See Court Recording at 11:18:35-11:20:15 (Jul. 8, 2022). Because only one iPhone was missing, it would be improper to give the Victim credit in restitution covering two phones. The Victim paid only $824 to replace her iPhone X with a newer and more advanced model. The Victim was only out $824 to replace the broken phone, and ordering an additional $1,149 in restitution amounts to an unjust windfall towards Victim.

Victim also testified that the Synthetic Rope Winch and Milwaukee Toolbox were not damaged in this incident. Id. at 11:20:15-11:20:30. Instead, Victim testified that the Milwaukee Toolbox was a gift to Defendant made during their relationship. Id. at 11:20:45-11:20:50. The Victim also purchased the Synthetic Rope Winch for Defendant to install on his truck roughly two years before the incident. Id. at 11:21:30-11:22:05. Defendant contends that both of these items were gifts to him made during the relationship. Both the Synthetic Rope Winch and the Milwaukee Toolbox were gifts made before the incident, and neither item was damaged during the incident or even had anything to do with the incident. Although Victim wishes to get the value of those gifts back, she did not lose said items because of the Defendant's conduct in committing the offense. Therefore, Victim does not have a valid restitution claim towards those two items.

Decision and Order Granting In-Part and Denying In-Part The People's Restitution Request
CF0105-21, *People of Guam v. Andrew John Francisco Castro*
Page 3 of 4

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN-PART AND DENIES IN-PART** the People's Restitution Request. Defendant will be ordered to pay **$2,602.79 in restitution**, covering the Damage to 2013 Toyota Rav4 ($1,688.42), replacement iPhone 11 ($824.00), and Express Care Visit ($90.37). Defendant does not need to pay restitution covering the iPhone X ($1,149.00), Synthetic Rope Winch ($623.70), or the Milwaukee Toolbox ($628.20).

**IT IS SO ORDERED** this ___July 11, 2022_____



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
___AG ( Arriola Law___ .

Date: _____ Time: _____
Antonio ___ Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Granting In-Part and Denying In-Part The People's Restitution Request
CF0105-21, *People of Guam v. Andrew John Francisco Castro*
Page 4 of 4